## MIETZSCH v. BERKHOUT.

### No. 15,011; December 30, 1893.

35 Pac. 321.

**Municipal Corporations — Widening Streets—Assessments. —** Statutes of 1889, page 70, sections 10–15, regulating the procedure for widening streets, provide that the commissioners must file with the clerk of the board of supervisors a report specifying each lot, etc., assessed for the improvement, with the name of the owner and a plat of the assessment district; that the clerk must give notice requiring persons interested to show cause, at a time named, why such report should not be confirmed, etc. Held, that a lot owner who failed to object to an assessment, and to proceed as provided by such statute, could not maintain an action to declare the assessment void, and enjoin the execution of a deed pursuant to a sale of the assessed property to pay the assessment.

**Municipal Corporations—Street Improvements—Assessments.—** Where a city lot is assessed only $2.50 for a street improvement, and sold for nonpayment, and the owner could redeem from the sale

by paying $3.90, the maxim, "De minimis non curat lex," applies, and a court of equity will not restrain the execution of a deed pursuant to such sale, if invalid.[1]

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by E. Mietzsch against Amelia Berkhout and James Gilleran, as superintendent of public streets of the city of San Francisco, for an injunction. From a judgment for defendants, plaintiff appeals. Affirmed.

Henry E. Highton for appellant; A. W. Linforth for respondents.

BELCHER, C.—Proceedings were regularly instituted for the widening of Mission street, in the city and county of San Francisco, and for the condemnation for that purpose of a strip of land sixteen and one-half feet wide, along the southeasterly side of said street. The proceedings resulted in a judgment of condemnation and in assessments upon certain lots of land owned by the plaintiff, to help pay the expenses of the improvement. The assessments not being paid, the said lots were sold thereunder to one William Kreling, who received certificates of purchase therefor, and assigned the same to the defendant Amelia Berkhout. There was no redemption of any of the property so sold, and at the proper time the said assignee served on the plaintiff the usual and required notice, that she would apply for deeds of the lots pursuant to the said sales. The defendant James Gilleran, the then superintendent of streets in and for the said city and county, was about to execute and deliver the deeds so applied for, and thereupon the plaintiff commenced this action to obtain a decree restraining the execution and delivery thereof. A summons was duly issued and served on each of the defendants, but they failed to appear, and their defaults were entered. Thereafter, the case was submitted to the court below for decision, and after consideration the court made and filed its

1 Cited and approved in Ciapusci v. Clark, 12 Cal. App. 53, 106 Pac. 440, where a contract for timber, full payment having been made, to be removed within ten years, was not allowed to be forfeited because an annual five dollars, mentioned therein as "rent," had not been promptly paid.

findings of facts and conclusions of law, to the effect that all the allegations of the complaint were true, but that the plaintiff was not entitled to the relief demanded, and that judgment should be entered in favor of defendants. Judgment was accordingly so entered, from which the plaintiff appeals.

In the proceedings for condemnation above referred to, the appellant here was a party defendant; and from the judgment entered in the case and an order denying a new trial an appeal was taken by the defendants to this court, where the judgment and order were affirmed: City and County of San Francisco v. Kiernan, 98 Cal. 614, 33 Pac. 720. Most of the questions involved in this case were involved in that, and were decided against the contention of appellant. They must therefore, upon this appeal, be treated as settled, and need not be further considered.

It is claimed, however, that one of appellant's lots was assessed for a larger portion of the costs, damages and expenses resulting from the proceedings to effect the widening than it should have been, and hence that the entire proceedings, as to him, were invalidated. The order of the board of supervisors, under which the proceedings were initiated and carried on defined the district to be benefited by the widening, and upon which the costs, damages and expenses thereof should be assessed, as the land extending along each side of Mission street as widened, from Twenty-sixth street to the San Mateo county line, and having a uniform width of one thousand feet on each side of the street; and it declared that after deducting from the total costs, damages, and expenses of the widening the amount assessed to the railroad company occupying the street, the remainder should be assessed as follows: One-fourth upon the lands and improvements thereon lying within a uniform distance of one hundred feet easterly from the southeasterly line of the street, as widened; one-fourth upon the lands and improvements lying between one hundred feet and one thousand feet easterly from the southeasterly line of the street; and the other two-fourths upon the lands and improvements similarly described on the northwesterly side of the street: "provided, that all lots or parcels of land within one hundred feet of the southeasterly or northwesterly lines of Mission street, . . . . not fronting directly on the line of said street, shall, for the purposes of this assess-

ment, be assessed as though the same were outside the line of said one hundred feet, as hereinbefore provided, and be assessed as herein provided for the assessment of land and property distant more than one hundred feet from the southeasterly and northwesterly lines of said street." The appellant owned six lots subject to assessment under the said order. Three of these lots the complaint describes as lots 51, 52 and 53, "as designated upon a certain map of the Bernal Homestead Association," on file in the office of the recorder of the city and county, and as "forming a complex of lots or parcels of land designated as, and subdivided into, lots 2, 4, and 5 of block 166 in the report, and on the map, plans, and diagrams of the Mission street widening commissioners." The complaint further describes lots 51 and 52 as commencing at the corner of Mission street and Allison avenue, and extending thence along Mission street one hundred and four feet four inches, and along Allison avenue forty-two feet nine inches, with a width or length at the other end or side of ninety-six feet two inches; and it describes lot 53 as located in the rear of the other two lots, and fronting on Allison avenue, with a uniform width of fifty feet and a length of one hundred and twenty feet. It is alleged that the larger part of lot 53 was within the one hundred feet limits, as above defined, and was assessed as within those limits, when the whole lot should have been assessed as within the nine hundred feet limits; and it is claimed that the assessment so made "presented an incontestable violation of the order under which it was sought to levy the assessment." The statute regulating the mode of procedure provided, in substance, that the commissioners appointed for the purpose must make and file with the clerk of the board of supervisors their report, specifying each lot, subdivision or piece of property assessed, with the name of the owner thereof, if known, and a plat of the assessment district, showing each block and lot, or portion of lot, assessed, and its dimensions, designated and described by an appropriate number; that upon the filing of the report and plat the clerk must give notice thereof by publication for at least ten days, requiring all persons interested to show cause before the board on or before a day named, why such report should not be confirmed; that all objections must be in writing, and filed with the clerk, and by him laid before the board; that the board must fix a

day for hearing the objections, and the clerk must notify the objectors thereof; that at the time fixed the board must "proceed to pass upon the report, and may confirm, correct or modify the same, or may order the commissioners to make a new assessment, report and plat"; that the clerk must forward to the street superintendent a certified copy of the report, assessment and plat, as finally confirmed and adopted, and that such certified copy shall thereupon be the assessment-roll; and that, immediately upon receipt thereof by the street superintendent, the assessment therein contained shall become due and payable, and shall be a lien upon all the property contained and described therein: Stats. 1889, p. 70, secs. 10–15. It appears from the complaint that the above-mentioned provisions of the statute were complied with; that written objections were filed by a number of persons interested, and were considered and acted upon by the board; and that, after modifying the report in a few details, the board "undertook and attempted to confirm and adopt, and in form confirmed and adopted, the said report, assessment, and plat." It does not, however, appear that any objection was made by appellant as to the assessment upon any of his lots. He apparently thought he could safely rest upon his oars till after the sale, and then invoke the power of a court of equity to declare the sale null and void. But we do not think he was at liberty to do that. If the objection now urged had any merit, it should have been presented to and acted upon by the board; and it cannot, in our opinion, be raised for the first time in the courts: See Lent v. Tillson, 72 Cal. 404, 14 Pac. 71. Besides, no diagram or definite description of lot 5, as assessed, is presented, and from the general description we infer that it is the same as lot 53. But it appears from the complaint that lot 5 was sold for $2.50, the full amount of the assessment against it, and could have been redeemed by paying $3.90. This being so, the maxim, "De minimis non curat lex," may well be held applicable to the case.

The other points do not require special notice. The judgment, in our opinion, should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.